IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KAREN BURDEN,**

    **Plaintiff,**

 vs.            Civil Action 2:09-CV-971
                Judge Frost
                Magistrate Judge King

**LIFE INSURANCE COMPANY OF**
**NORTH AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

   Plaintiff originally filed this action in the Franklin County Court of Common Pleas, seeking recovery of more than $400,000.00 in proceeds under a life insurance policy issued by the defendant on the life of Gary B. Peters, now deceased. Plaintiff is a citizen of Ohio, *see Complaint,* Doc. No. 3, and the defendant life insurance company is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. *See Notice of Removal,* ¶5, Doc. No. 1. The defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §1332. Thereafter, the defendant filed the *Answer and Counterclaim in Interpleader*, Doc. No. 8, joining as a counterclaim defendant Joann M. Peters pursuant to F.R. Civ. P. 22. *Id.* The counterclaim defendant filed an answer and a cross-claim against plaintiff, also seeking payment of the life insurance proceeds, *Answer of Counterdefendant ... and Cross Complaint,* Doc. No. 20. It is anticipated that the defendant insurer will eventually seek leave to deposit the proceeds into the registry of the Court and move for its dismissal. *See Preliminary Pretrial Order,* p.1, Doc. No. 23.

   Because counterclaim defendant Peters is, like plaintiff, a resident of Ohio, plaintiff asks that the action be remanded to the Court of Common Pleas for Franklin County

> due to lack of complete diversity pursuant to Defendant's 11/23/2009 Counterclaim interpleader of insurance policy proceeds and joinder of Ohio resident Joann M. Peters as an Involuntary Counterclaim Defendant having claims adverse to Plaintiff's claims.

*Plaintiff's Amended Motion to Remand,* p.1, Doc. No. 13. Plaintiff specifically asks that the Court exercise its discretion to remand the case. "That is, there is no obligation on this Court to apply the holdings in other Rule 22 cases when the Court's discretionary equitable jurisdiction is invoked to remand a case which has no diversity and has no special reason to be in a federal court." *Amended Motion to Remand,* p.5.

"'The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute.'" *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in a state court to a United States district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). Diversity of citizenship, the basis of federal subject matter jurisdiction invoked in this action, is satisfied when the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing federal subject matter jurisdiction. *Jerome-Duncan Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). Jurisdiction is determined as of the time of removal. *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir. 1996).

Plaintiff does not contend that the initial removal of the action was improper or that diversity jurisdiction was lacking at the time of removal. Rather, plaintiff appears to take the position that, because the real dispute presented in this action is between the two

adverse claimants to the insurance proceeds -- who are both residents of Ohio -- there is no persuasive reason to maintain the action in federal court.

After removal of the action to this Court, the defendant insurance company asserted a counterclaim in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> **Rule 22 Interpleader.**
>
> (a) Grounds.
>
>> (1) ***By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. ...
>>
>> (2) ***By a Defendant.*** A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

F.R. Civ. P. 22(a). Where the Court's original jurisdiction is based on diversity, it is generally held that Rule 22 interpleader is proper where the citizenship of the stakeholder is diverse from that of all of the claimants, even if all of the claimants share the same citizenship. *See generally* 3A James W. Moore, *et al.*, *Moore's Federal Practice* ¶22.04[2.-1][17-26, 68-70] (2nd Ed. 1993); Wright, Miller & Cain, *Federal Practice and Procedure*, §1710, at 537-39. *See also Equitable Life Assurance Soc. of the United States v. Jones,* 69 F.2d 356, 358 n.2, (4th Cir. 1982)(the diversity requirement is satisfied in a rule interpleader case where each stakeholder is diverse from each claimant.) *See also Guy v. Citizen Fidelity Bank & Trust Co.,* 429 F.2d 828 (6th Cir. 1970)(courts sitting in diversity jurisdiction are vested with jurisdiction to consider counterclaim for interpleader).

Plaintiff appears to argue that, because Rule 22 finds its origins in equity jurisprudence, *see Truck-A-Tune, Inc. v. RÉ,* 23 F.2d 60, 63 (2nd Cir. 1994), this Court "has the discretionary power to weigh all equities, exercise its discretion and order remand." *Plaintiff's Reply Memorandum in Support of Amended Motion to Remand,* p.2, Doc. No. 19. However, plaintiff offers no authority to support her argument.[1] In the context of Rule 22 interpleader, it has been held that the subsequent dismissal of the stakeholder prior to final judgment will not destroy jurisdiction. *Leimbach v. Allen,* 976 F.2d 912, 916-17 (4th Cir. 1992).

Moreover, 28 U.S.C. §1367(b), which confers discretion to decline to exercise supplemental jurisdiction under certain circumstances, does not apply to Rule 22 interpleader because that statute applies only to claims "against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure." Section 1367(c) permits a court to decline to exercise supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it had original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). This case does not raise novel or complex issues of

---

[1] The cases cited by plaintiff in support of her *Amended Motion to Remand*, *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753 (11th Cir. 2000); *Laughlin v. K-mart Corp.,* 50 F.2d 871 (10th Cir. 1995); *Stifel v. Hopkins,* 477 F.2d 1116 (6th Cir. 1973), are inapposite.

state law and it cannot be said that the competing claims to the policy proceeds predominate over plaintiff's individual claim against the defendant -- which was, after all, the claim over which this Court had original removal jurisdiction. Because plaintiff's claim to the insurance proceeds will remain even if the defendant stakeholder is dismissed, it cannot be said that this Court has dismissed all claims over which it had original jurisdiction. Finally, the equitable arguments made by plaintiff are, in the final analysis, arguments that could be raised in any federal action based on diversity jurisdiction. This Court is simply not persuaded that, in this instance, a discretionary refusal to exercise jurisdiction, even assuming authority to exercise such discretion, is appropriate.

It is therefore **RECOMMENDED** that plaintiff's *Amended Motion to Remand*, Doc. No. 13, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


February 8, 2010                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge