IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KAREN BURDEN,**

       **Plaintiff,**

  vs.                                                    Civil Action 2:09-CV-971
                                                             Judge Frost
                                                             Magistrate Judge King

**LIFE INSURANCE COMPANY OF
NORTH AMERICA,**

       **Defendant.**

## OPINION AND ORDER

       Plaintiff, a citizen of Ohio, initiated this action in the Franklin County Court of Common Pleas, seeking to recover proceeds under a life insurance policy issued by defendant, a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania, on the life of Gary B. Peters, now deceased. The defendant removed the action to this Court as a diversity action, *see* 28 U.S.C. §1332. The defendant insurer thereafter filed a counterclaim in interpleader, joining Joann M. Peters as a party with an adverse claim to the proceeds. Because the counterclaim defendant is, like plaintiff, a resident of Ohio, plaintiff moved to remand the action to state court. *Plaintiff's Amended Motion to Remand*, Doc. No. 13. On February 8, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the motion be denied. *Report and Recommendation,* Doc. No. 26. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, Doc. No. 27, which the Court will consider *de novo. See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

       In her objections to the *Report and Recommendation,* plaintiff concedes, "this Court has the authority to retain jurisdiction under Rule

22." *Plaintiff's Amended Motion to Remand,* p.2. However, the plaintiff argues, as she did before the Magistrate Judge, that the Court should exercise its discretion to order remand of the action:

> Plaintiff simply suggests that the equities favor remand. ... [T]here is no federal purpose to be advanced in having the Court retain jurisdiction since: there is no diversity; only Ohio law applies; there is only one contested fact issue (*i.e.,* did plaintiff exert undue influence on Mr. Peters to become the named life insurance policy beneficiary?); this is a garden-variety family dispute; there is no need to use the considerable resources of this Court to make a disposition in this case.

*Id.*

In recommending denial of plaintiff's motion to remand, the Magistrate Judge noted that "Rule 22 interpleader is proper where the citizenship of the stakeholder is diverse from that of all of the claimants, even if all of the claimants share the same citizenship." *Report and Recommendation,* p.3 (citations omitted). The Magistrate Judge rejected plaintiff's appeal to equity reasoning that the arguments made by plaintiff in that regard are,

> in the final analysis, arguments that could be raised in any federal action based on diversity jurisdiction. This Court is simply not persuaded that, in this instance, a discretionary refusal to exercise jurisdiction, even assuming authority to exercise such discretion, is appropriate.

*Id.,* p.5. This Court agrees with the reasoning of the United States Magistrate Judge. There was complete diversity of citizenship at the time of the removal of this action; nothing has transpired since removal to divest this Court of jurisdiction.

Plaintiff's objections to the *Report and Recommendation* are therefore **DENIED.** The *Report and Recommendation* is hereby **AFFIRMED.**

2

Plaintiff's *Amended Motion to Remand*, Doc. No. 13, is **DENIED.**

                                                           <ins>/s/ Gregory L. Frost</ins>
                                                          Gregory L. Frost
                                                United States District Judge