UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN S. BURDEN,
    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA, *et al.*,
    Defendants,

Case No. 2:09-cv-0971-GLF-EPD
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Judgment on the Pleadings as to the Cross-Complaint of Third Party Plaintiff Joann M. Peters (Doc. # 28) filed by Plaintiff Karen S. Burden ("Burden's Motion for Judgment on the Pleadings") and the Memorandum in Opposition to Burden's Motion for Judgment on the Pleadings (Doc. # 33). For the reasons that follow, the Court **DENIES** Burden's Motion for Judgment on the Pleadings.

### I. Background

On August 11, 2000, Gary Peters was involved in a single-car automobile accident that rendered him a quadriplegic. Mr. Peters' care was provided for by the Medicaid Waiver Program. Karen Burden was employed under that program as Mr. Peters' caregiver.

Prior to his accident Mr. Peters was employed by Inter-Tel, which had provided him with a $425,000.00 life insurance policy from Life Insurance Company of North America ("LINA"). Mr. Peters had designated his mother, Joann Peters, as the beneficiary of that policy.

On May 7, 2001, LINA notified Mr. Peters that he was approved for the $425,000.00 benefit. LINA also informed him that because of his disability LINA waived the premium for his life insurance policy and that the policy would remain in effect until he reached age 65.

On July 27, 2001, Mr. Peters completed a change of beneficiary form on which he renamed his mother, Mrs. Peters, as the beneficiary to the LINA policy.

On September 13, 2006, LINA sent a "beneficiary designation" request to Mr. Peters. In response to that request, Mr. Peters changed his beneficiary from his mother to Ms. Burden.

On August 27, 2009, Mr. Peters died. After his death, Ms. Burden demanded from LINA payment of Mr. Peters' life insurance benefits.

On September 24, 2009, Ms. Burden filed suit against LINA in the Franklin County, Ohio Court of Common Pleas seeking to recover proceeds under Mr. Peters' life insurance policy. LINA did not make payment to Ms. Burden because it had another demand for payment that had been filed by Mrs. Peters. On October 29, 2009, LINA removed the action to this Court based upon diversity jurisdiction.

On November 23, 2009, LINA filed a counterclaim in interpleader, joining Mrs. Peters as a party with an adverse claim to the proceeds. (Doc. #8.)

On January 7, 2010, Mrs. Peters filed an answer and a cross complaint against Ms. Burden (Doc. # 20) and on March 11, 2010, Mrs. Peters filed an amended cross complaint (Doc. # 38). Mrs. Peters alleges that Ms. Burden violated federal and state statutes as well as state common law, by naming herself as the beneficiary to the life insurance contract. Mrs. Peters

asserts four claims for relief: (1) undue influence; (2) isolation; (3) fraud; and (4) breach of fiduciary duties.

On February 12, 2010, Ms. Burden filed Burden's Motion for Judgment on the Pleadings. (Doc. # 28.) On March 5, 2010, Mrs. Peters filed her Memorandum in Opposition to Burden's Motion for Judgment on the Pleadings. (Doc. # 33.) Ms. Burden did not file a reply memorandum.

On March 5, 2010, Mrs. Peters filed a motion to amend her cross complaint. (Doc. # 32.) Ms. Burden did not oppose the motion so long as her motion for judgment on the pleadings was not affected. (Doc. # 35.) This Court granted Mrs. Peters' motion to amend on March 10, 2010. (Doc. # 37.)

On April 1, 2010, LINA filed an unopposed motion to deposit funds in the Court and to discharge and dismiss it from this action. (Doc. # 41.) On April 15, 2010, this Court granted that motion and terminated LINA as a defendant in this action. (Doc. # 43.)

The Court will now review Ms. Burden's Motion for Judgment on the Pleadings.

## II. Standard

A motion filed under Rule 12(c) of the Federal Rules of Civil Procedure attacks the sufficiency of the pleadings and is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*).

### III. Discussion

Ms. Burden requests judgment on the pleadings of all four of Mrs. Peters' claims, arguing that the only potential remedy available to divest the rights of a named beneficiary, here Burden, is under a claim that establishes a superior equitable right in the claimant pursuant to a constructive trust action. In opposition, Mrs. Peters argues that the imposition of a constructive trust is not the only remedy available to her and that if a constructive trust is the appropriate vehicle to utilize as a conduit for payment, the Court can impose one even thought the original complaint did not specifically mention that term. Mrs. Peters' arguments are well taken.

Ms. Burden relies upon *Ferguson v. Owens*, 9 Ohio St.3d 223 (1984) and *Aetna Life Ins. Co. v. Hussey*, 63 Ohio St.3d 640 (1992) for the proposition that the only potential remedy available to Mrs. Peters is the imposition of a constructive trust. However, these cases are distinguishable in a material manner from the case at bar. That is, those two cases involved a decedent not complying with the terms of a divorce decree or separation agreement that required certain benefits to be provided to a particular individual or individuals. The issue before the courts was whether the court could divest the named beneficiary of his or her rights to the proceeds for which they would otherwise be entitled.

In the instant action, by changing his beneficiary to Ms. Burden, Mr. Peters did nothing contrary to what he was permitted to do. Instead, Mrs. Peters is claiming that Ms. Burden exerted undue influence upon Mr. Peters causing him to change his beneficiary contrary to his

own wishes. Courts regularly determine issues such as this one under claims for relief similar to those brought before this Court by Mrs. Peters. *See e.g., Wallbrown v. Kent State Univ.*, 143 Ohio App. 3d 762 (Portage Cty. 2001); *Metropolitan Life Ins. Co. v. Yeary*, No. 3:94 CV 7534, U.S. Dist. LEXIS 22835 (N.D. Ohio February 6, 1998). Thus, the Court concludes that Mrs. Peters' failure to specifically request that the Court impose a constructive trust does not render her complaint implausible on its face. Therefore, Ms. Burden is not entitled to judgment on the pleadings.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Burden's Motion for Judgment on the Pleadings. (Doc. # 28.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**